FILED
COURT OF APPEALS
DIVISION II

2015 MAR 17 AM 8: 41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the matter of the Marriage of:<br><br>PEDRO SANCHEZ, JR.,<br><br>                  Appellant,<br><br>and<br><br>LEILANI J. SANCHEZ,<br><br>                  Respondent. | No. 45153-1-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — Pedro Sanchez appeals the superior court's order transferring, to Texas, full jurisdiction over Leilani Sanchez's action to modify the Sanchez's Washington State parenting plan. Pedro[1] argues the superior court violated his rights to procedural due process[2] by entering an order transferring Leilani's modification action to Texas without providing the parties with notice or an opportunity for a hearing.[3] We avoid this constitutional question and

---

[1] For clarity, we refer to Pedro Sanchez and Leilani Sanchez by their first names. We intend no disrespect.

[2] U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3.

[3] On December 9, 2014, this court asked the parties to submit supplemental briefing on jurisdictional issues. Pedro requested an extension of time to file his brief. We grant appellant's motion and consider his brief.

hold the superior court (1) based its determination that it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)[4] to enter its parenting plan on its erroneous legal conclusion that parties could consent to jurisdiction beyond that allowed by the UCCJEA, and (2) violated the UCCJEA by failing to provide the parties with an opportunity to present facts and argument after its ex-parte communication with the Texas district court before deciding Texas should exercise full jurisdiction. Thus, we remand for the superior court to determine (1) whether it had jurisdiction to enter its parenting plan and, (2) if so, whether Washington or Texas should exercise jurisdiction in this case.

## FACTS

A.     *Location of the Parties*

Pedro and Leilani Sanchez were married in 2006 in Texas and divorced in 2011 in Washington. The Sanchezes had one child together, K.S.[5] K.S. lived in Texas from birth until the Sanchezes moved to Washington in April of 2009, after the Air Force stationed Pedro in Washington. Pedro, Leilani, and K.S. lived in Washington until the end of the summer of 2009, when Leilani left Washington with K.S. and moved to Texas. From the summer of 2009 onward, K.S. lived with Leilani in Texas, but resided with Pedro in Washington for brief periods of time.

---

[4] Chapter 26.27 RCW; Chapter 152 TEX. FAM. CODE.

[5] We use initials to protect the minor's privacy.

B.     *Washington Dissolution and Parenting Plan*

In 2010, Pedro and Leilani jointly filed a petition in Washington State to dissolve their marriage. In March of 2011, the superior court entered both a dissolution decree and a parenting plan that gave Pedro primary custody of K.S.

C.     *Agreed Order in Texas*

In October of 2011, after returning from an overseas deployment, Pedro travelled to Texas to acquire K.S. from Leilani. After Pedro arrived, he and Leilani signed an agreed order that gave each parent six months per year with K.S., and filed that agreed order in Texas district court. The Texas agreed order stated that Washington retained exclusive jurisdiction over K.S.

D.     *Leilani's Washington Motion To Vacate the Washington Parenting Plan*

In March of 2012, Leilani filed a motion in Washington to vacate the Washington parenting plan that gave Pedro primary custody of K.S. In her motion, Leilani argued the Washington superior court never had jurisdiction to enter the parenting plan under the UCCJEA.

In March of 2012, the superior court entered an order requiring the parties to honor the agreed Texas order and holding over the jurisdiction issue for another hearing. In June of 2012, the superior court entered an order denying Leilani's motion to vacate, ruling in its written order that "[t]he parties can agree not to contest home state jurisdiction." Clerk's Papers (CP) at 67. In its oral ruling, the superior court explained that it denied Leilani's motion to vacate because Leilani had consented to Washington jurisdiction:

> *[Pedro] makes inaccurate statements in his [initial] petition [for dissolution] that Washington is [K.S.'s] home state. It wasn't.* But then [Leilani], later saying she didn't read it, signed the petition or joined in it and then signed the parenting plan four months

3

later awarding her husband custody, basically, and has changed her mind, I think, is what's happened here. So I'm going to deny the petition to vacate.

> I think, actually, *Washington probably did not have jurisdiction*, but given the kind of odd facts here and the fact that Ms. Sanchez apparently consented. . . . So I'm going to deny the petition to vacate.

Verbatim Report of Proceedings (VRP) at 39-40 (emphasis added). The superior court maintained Washington's jurisdiction to hear a future petition to modify the Washington parenting plan.

E.   *Petition To Modify Parenting Plan and Decision that Texas Should Exercise Jurisdiction*

In August of 2012, Leilani filed a petition to modify the Washington parenting plan. On August 29, 2012, the superior court held a hearing with the parties regarding which state had jurisdiction. At the hearing, the parties made arguments concerning jurisdiction, and Pedro requested that the matter be set over for 30 days for the parties to look into K.S.'s medical issues. The superior court agreed and entered an order which stated:

> Jurisdiction of this case is deferred for Texas to address the temporary orders under [RCW] 26.27.261, 231, 221. [Leilani's] modification action . . . shall remain open.

CP at 89. Trial on Leilani's petition to modify the Washington parenting plan was scheduled for trial for April of 2013.

In March of 2013, a memorandum of journal entry was created to express an oral order from the superior court. The memorandum stated the following:

> [T]his matter was not set prior; proceeding created to journalize telephone conversation today. [A Texas district court] called and spoke with [the superior court judge] to address issues from [the August 29, 2012] hearing and the order entered that day. After review and telephone discussion with [the Texas district court] it was determined that Texas should exercise jurisdiction over all issues. Inartfully drafted order of [August 29, 2012] is overruled to extent that it is in conflict with assumption of jurisdiction by Texas.

No. 45153-1-II

CP at 94.

In April of 2013, the trial court judge denied Leilani's petition to modify because Leilani's attorney had withdrawn and no confirmation of proper service of the petition to Pedro was in the record. On July 3, 2013, the Texas district court entered an order accepting and exercising jurisdiction over Leilani's modification action. In the Texas order, the Texas district court determined the Washington superior court "deferred continuing and exclusive jurisdiction to" the Texas district court, that Leilani and K.S. resided in Texas, and that Pedro resided in Washington. Suppl. CP (A-2, at 1).

On July 8, 2013, the superior court memorialized the order from its March 2013 memorandum of journal entry. The written order stated:

> This matter having not been set for hearing, and no notice having been given to the parties above, the Court having had an Ex Parte telephone discussion with [the Texas district court] regarding the hearing on August 29, 2012 and the Order entered that day which granted limited jurisdiction to Texas to determine Temporary Orders only and which retained jurisdiction in Washington State under the modification action filed in Pierce County, Washington, it was decided that Texas should exercise jurisdiction over all issues, it is therefore, hereby:
>
> ORDERED, ADJUDGED AND DECREED that the Order of August 29, 2012 is overruled to the extent that it is in conflict with assumption of jurisdiction by Texas.

CP at 96. Pedro appealed the superior court's order transferring jurisdiction over Leilani's modification action to Texas.

ANALYSIS

Whether a superior court has authority pursuant to the UCCJEA to exercise its jurisdiction is a mixed question of law and fact: we defer to the superior court's unchallenged

5

factual findings, but review de novo its legal conclusions. *In re Marriage of McDermott*, 175 Wn. App. 467, 483, 307 P.3d 717, *review denied*, 179 Wn. 2d 1004 (2013). And we review de novo issues of statutory interpretation. 175 Wn. App. at 483.

## I. JURISDICTION UNDER THE UCCJEA

As a threshold matter, the superior court's determination that it had jurisdiction under the UCCJEA to enter its parenting plan was based on an erroneous conclusion of law, and the facts in the record do not make clear whether Washington had jurisdiction over K.S. under the UCCJEA. Thus, we remand for the superior court to determine whether it had jurisdiction to make an initial custody determination over K.S. under the UCCJEA.

We review subject matter jurisdiction de novo as a question of law. *In re Marriage of Kastanas*, 78 Wn. App. 193, 197, 896 P.2d 726 (1995). A party may raise a lack of subject matter jurisdiction argument at any time during a proceeding, and failure to raise it in an initial appearance will not waive the argument. *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998). A judgment is void if the entering court lacked subject matter jurisdiction. *In re Marriage of Buecking*, 179 Wn.2d 438, 446, 316 P.3d 999 (2013).

The Washington State Supreme Court has described the UCCJEA as "a pact among states limiting the circumstances under which one court may modify the orders of another." *In re Custody of A.C.*, 165 Wn.2d 568, 574, 200 P.3d 689 (2009). Both Texas and Washington have adopted the UCCJEA, making the act the exclusive bases to determine jurisdiction of this interstate child custody dispute. RCW 26.27.201(2); TEX. FAM. CODE § 152.201.

The UCCJEA provides:

(1) . . . a court of this state has jurisdiction to make an initial child custody determination only if:
    (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
    (b) A court of another state does not have jurisdiction . . . , or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum . . . , and:
        (i) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
        (ii) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
    (c) All courts having jurisdiction . . . have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child . . . ; or
    (d) No court of any other state would have jurisdiction under the criteria [above].
    (2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
    (3) Physical *presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.*

RCW 26.27.201(emphasis added).

The UCCJEA constrains a superior court's subject matter jurisdiction. *In re Parentage of Ruff,* 168 Wn. App. 109, 118, 275 P.3d 1175 (2012). Thus, parties cannot consent or waive their objection to jurisdiction under the UCCJEA, and a party may raise a jurisdiction objection under the UCCJEA at any time. 168 Wn. App. at 118; *see A.C.,* 165 Wn.2d at 574.

The Washington superior court's determination that its parenting plan complied with the UCCJEA's jurisdictional provisions is based on its legal conclusion that parties may consent to jurisdiction beyond that allowed by the UCCJEA. Because this conclusion of law is erroneous,

the superior court's reason supporting its determination that it had jurisdiction under the UCCJEA was erroneous. It is impossible to tell from the record on appeal whether the superior court had jurisdiction under the UCCJEA. Thus, we remand to the superior court to determine whether it had jurisdiction to enter its parenting plan under the UCCJEA. If the superior court determines that it had no jurisdiction, then its parenting plan is void. *Buecking*, 179 Wn.2d at 446. If the superior court determines that it did have jurisdiction, then the superior court's decision that Texas should exercise jurisdiction was improper under the UCCJEA.

## II. DECIDING TEXAS SHOULD EXERCISE JURISDICTION

Pedro argues the superior court's decision that Texas should exercise jurisdiction was improper under the UCCJEA. Should the superior court determine its exercise of jurisdiction was proper in this case, we agree.

Under the UCCJEA:

[A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination . . . and:
 (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction . . . or that a court of this state would be a more convenient forum . . . ; or
 (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

RCW 26.27.221. "In essence, the UCCJEA provides that unless all of the parties and the child" presently reside outside of "the state that made the initial determination sought to be modified, that state must first decide it does not have jurisdiction or decline jurisdiction" before its initial determination is modified by another state. *A.C.*, 165 Wn.2d at 575.

8

In the event the superior court determines its exercise of jurisdiction was proper in this case, the superior court's decision that Texas should exercise jurisdiction was improper under the UCCJEA. This is because no court determined that all of the parties resided outside of Washington, and the Washington superior court never determined it no longer had exclusive and continuing jurisdiction, and the Washington superior court did not decline to exercise that jurisdiction for inconvenient forum.

A.     *Whether The Parties Resided in Washington*

Pedro argues neither the Washington superior court nor the Texas district court determined that all of the parties resided outside of Washington. We agree.

The Washington superior court made only one determination when transferring jurisdiction to Texas during what it referred to as an "ex parte" telephone call. "Texas should exercise jurisdiction over all issues." CP at 94; CP at 96. Thus, the Washington superior court made no factual determination as to whether the parties resided in Washington. The Texas district court determined that Leilani and K.S. resided in Texas, but that Pedro resided in Washington. Thus, neither the Washington superior court nor the Texas district court determined that *all* of the parties resided outside of Washington.

B.     *Exclusive and Continuing Jurisdiction*

Pedro argues the Washington superior court never determined that it no longer had exclusive and continuing jurisdiction under the UCCJEA. We agree.

The UCCJEA states:

[A] court of this state that has made a child custody determination consistent with [the UCCJEA's jurisdictional requirements] has exclusive, continuing jurisdiction over the determination until:

> (a) A court of this state determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (b) A court of this state or a court of another state determines that the child, the child's parents, *and* any person acting as a parent do not presently reside in this state.

RCW 26.27.211 (emphasis added).

When the Washington superior court entered its order transferring full jurisdiction to Texas, the Washington superior court did not determine whether the child or child's parents had significant connection with Washington or whether substantial evidence concerning the child was available in Washington. As discussed above, the Washington superior court never determined that all of the parties resided outside of Washington. Thus, the Washington superior court never determined that it no longer had exclusive and continuing jurisdiction under the UCCJEA. RCW 26.27.211.

C.     *Declining To Exercise Jurisdiction*

Pedro argues the Washington superior court did not properly decline to exercise its exclusive and continuing jurisdiction for inconvenient venue. Again, we agree.

Under the UCCJEA:

(1) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.

10

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. *For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including* [eight factors].

RCW 26.27.261 (emphasis added).

Here, the Washington superior court did not allow the parties to submit information, and did not consider any of the eight relevant factors it must consider prior to finding that it is appropriate for a court of another State to exercise jurisdiction. Accordingly, the Washington superior court did not decline to exercise jurisdiction for inconvenient forum under the UCCJEA.

We hold that the superior court's decision that Texas should exercise jurisdiction was improper under the UCCJEA because neither the Washington superior court nor the Texas district court determined that all of the parties resided outside of Washington, the Washington superior court never determined it no longer had exclusive and continuing jurisdiction, and the Washington superior court did not decline to exercise that jurisdiction for inconvenient forum. RCW 26.27.221.

### III. TRANSFER OF JURISDICTION TO TEXAS

Pedro argues his due process rights were violated when the superior court entered an order transferring jurisdiction over Leilani's modification action to Texas without providing the parties with notice or an opportunity for a hearing. We avoid this constitutional question of due process and hold that the superior court failed to provide proper notice under RCW 26.27.101 of the UCCJEA. *See Cmty. Telecable of Seattle, Inc. v. City of Seattle, Dep't of Exec. Admin.*, 164 Wn.2d 35, 41, 186 P.3d 1032 (2008) ("We will avoid deciding constitutional questions where a case may be fairly resolved on other grounds.").

RCW 26.27.101 states:

(1) A court of this state may communicate with a court in another state concerning a proceeding arising under this chapter.

(2) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.

(3) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

(4) Except as otherwise provided in subsection (3) of this section, a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

(5) For the purposes of this section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.

Here, the superior court conducted a hearing on jurisdiction on August 29, 2012, and ruled that Washington would maintain jurisdiction. But over half a year later, on March 18, 2013, prior to a trial on Leilani's motion to modify the Washington parenting plan, the superior court communicated with the Texas district court and transferred jurisdiction to Texas.

Thus, the superior court conducted a conversation with the Texas district court without the parties present. While the parties did have an opportunity to argue jurisdiction on August 29, 2012, that argument resulted in a ruling that Washington would maintain jurisdiction pending further proceedings. There is no evidence that the parties had an opportunity to address jurisdiction after August 29, 2012. We hold that the superior court erred by reversing its prior ruling that it maintained jurisdiction over half a year later, based on an *ex-parte* communication with a foreign court without providing the parties with another opportunity to present facts and legal arguments before a decision on jurisdiction was made.

We remand for the superior court to determine (1) whether it had jurisdiction under the UCCJEA to enter its parenting plan and (2) if so, whether Washington or Texas should exercise jurisdiction in this case.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Melnick, J.

_____
Sutton, J.

---

[6] Pedro also argues the superior court erred by entering the order transferring jurisdiction to Texas because (1) Washington has jurisdiction over this matter as a matter of law, (2) the order granted relief to Leilani, who was not entitled to relief until she took a parenting class, and (3) Leilani failed to serve Pedro with her petition for modification. Because we reverse the order transferring jurisdiction to Texas on other grounds, we do not consider these other arguments challenging the order. Pedro may raise these issues on remand.